# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BRENT C. EMBREY**
Embrey Law Office
Fishers, Indiana

ATTORNEY FOR INTERVENOR:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHEN R. CREASON**
Chief Counsel, Criminal Appeals
Office of the Attorney General
Indianapolis, Indiana

**FILED**

Feb 20 2013, 9:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| IN RE: THE MATTER OF: | ) | |
| DAVID WOODWARD COOK, | ) | |
| Appellant-Respondent, | ) | |
|  | ) | |
| vs. | ) | No.  49A04-1207-PO-370 |
|  | ) | |
| BETH ANN COOK, | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
The Honorable Barbara Cook Crawford, Judge
Cause No. 49D12-1205-PO-19938
(Formerly 49G21-1205-PO-19938)

**February 20, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

David Woodward Cook ("Cook") appeals the denial of his motion to correct error, wherein he challenged an order for protection and requested the deletion of his name and information from the Judicial Technology and Automatic Committee ("JTAC") website and law enforcement databases. We reverse and remand for a hearing on the merits of Cook's motion to correct error.

**Issue**

Cook articulates three issues, which we consolidate and restate as a single issue: whether the trial court abused its discretion in denying the motion to correct error.

**Facts and Procedural History**

On May 17, 2012, in Marion Superior Court, Criminal Division 21 ("the criminal court"), Cook's wife ("Wife") obtained an ex parte order for protection from Cook, pursuant to the Indiana Civil Protection Order Act ("the Act").[1] Wife's description of the "incident" prompting the request was that the couple's marital counselor had telephoned Wife to report that he had felt "unsafe" in a conversation with Cook and felt responsible to verify that Wife "felt safe." (App. 3.)

A hearing was set for June 15, 2012 in the criminal court. However, before the hearing could take place, Wife filed a motion to transfer the matter to Marion Superior Court, Civil Division 12 ("the civil court"), which had jurisdiction over the parties' divorce and custody proceedings. The motion to transfer was granted on June 11, 2012. According to

---

[1] Ind. Code § 34-26-5-1, et seq.

2

Cook, a second protective order was issued on June 11, 2012, again without a hearing.[2]

On June 15, 2012, Cook filed in the civil court a motion to correct error and a motion for a hearing.[3] He requested vacation of any protective order and removal of public postings from electronic databases.[4] The court denied the motion, opining that the matter should be addressed by the criminal court that issued the protective order. On July 18, 2012, the criminal court issued an order denying relief and transferring the cause back to the civil court. The order provided in relevant part:

> The Court followed the procedure outlined in the Act in this case.
> To protect the due process rights of the Respondent, a hearing may be requested within thirty days of receipt of the order to challenge the issuance of the ex parte order. That hearing should be held in the court where the pending matter is docketed.
> Respondent has apparently requested such a hearing in compliance with the statute.

(App. 37.) Cook filed a notice of appeal on July 23, 2012. Four days later, Wife filed a motion to dismiss the petition for a protective order, pursuant to Indiana Code Section 34-26-5-12, and the civil court "terminated the Order for Protection issued on May 17, 2012." (App. 50.)

---

[2] The appellate record contains no signed order or CCS entry indicating that the second order was in fact issued. However, the CCS indicates that, on June 13, 2012 protective orders were served by leaving them "at the home (on the door)." (App. 40.)

[3] Indiana Code Section 34-26-5-10(a) provides in pertinent part: "if a court issues an order for protection ex parte … and provides relief under section 9(b) of this chapter, upon a request by either party not more than thirty (30) days after service of the order or modification, the court shall set a date for a hearing on the petition."

[4] Indiana Code Section 34-26-5-18(7) requires that an order for protection "issued under this chapter" be entered into the Indiana data and communication system by a county sheriff or local law enforcement agency. According to Cook, the information appears on multiple websites.

3

Because Cook alleged on appeal that electronic posting of a protective order without a hearing violated his due process rights under the Indiana Constitution, this Court ordered the Indiana Attorney General to enter an appearance and provide briefing on the matter.

**Discussion and Decision**

I.  Standard of Review

A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error.  Williamson v. Williamson, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005).  When a statute is challenged under the Indiana Constitution, it stands "clothed with the presumption of constitutionality until clearly overcome by a contrary showing."  Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996).  The party challenging the constitutionality bears the burden of proof, and all doubts will be resolved against that party.  Wallace v. State, 905 N.E.2d 371, 378 (Ind. 2009).

II.  Analysis

We take judicial notice that the JTAC website discloses that Cook was subject to a May 2012 protective order and that the protective order has been dismissed.  Cook claims, and the State agrees, that he was denied due process because he received no statutory hearing pursuant to his request.  Cook further claims that having his name publicly posted causes him to face "severe consequences with employers and peers" and jeopardizes his liberty interests under the Fourteenth Amendment to the United States Constitution and his reputation interests under Article 1, § 12 of the Indiana Constitution.[5]  Appellant's Br. at 6.

---

[5] Article 1, § 12, Indiana's due course of law provision, states:  "All courts shall be open; and every person, for

4

The State observes that Cook did not, in the proceedings below, allege that the Act is facially unconstitutional or notify the Attorney general of a constitutional challenge; in response, Cook clarifies that he does not intend to "raise any questions regarding the constitutionality of ex parte orders generally." Reply brief at 3. It appears that, although Cook may have implicitly alleged that the Act is unconstitutional as applied to him, his actual objective is to secure removal of his name from databases accessible by either the public or law enforcement officers.

The State agrees with Cook that he was wrongfully deprived of a hearing and maintains that the appropriate avenue for obtaining his requested relief is a hearing in the civil court. The State contends that Cook has failed to develop an as-applied constitutional challenge, at best having alleged a generic injury:

> because [Cook] has never clearly developed his specific allegations, it is unnecessary – even impossible – for this [appellate] Court to decide what test might best resolve his claim. It is best left to the trial court to receive [Cook]'s evidence, if there is any, identify his actual claim with more clarity, and then look to what test is appropriate to determine what process was due to protect [Cook]'s reputational rights, whatever they are.

State's Br. at 10.

Nonetheless, Cook no longer seeks an evidentiary hearing, but instead asks this Court to directly order removal of his name from the JTAC website and law enforcement databases. He provides no authority to support our issuance of such an order. Essentially, his complaint is that the Act contains no expungement provision and that this court should sua sponte

injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

5

correct the omission.

We are not in a position to afford Cook the immediate relief he seeks. We agree with the State that Cook was entitled to a hearing in the civil court and was, by the sequence of transfers, conflicting orders, and dismissal, denied his statutory right. However, if Cook wishes to assert that the Act is unconstitutional as applied to him because of its injury to his reputation and negative impact upon his employability, it is incumbent upon him to develop a factual record.

Therefore, we reverse the denial of Cook's motion to correct error and remand for a hearing.

Reversed and remanded.

VAIDIK, J., and BROWN, J., concur.